IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **BRENT ECHOLS,** | § § | |
| Plaintiff, | § § | Civil Action No. |
| v. | § § | |
| | § | **Jury Trial Demanded** |
| **ONE ADVANTAGE, LLC,** | § § | |
| Defendant. | § § | |
| | § | |

## COMPLAINT

BRENT ECHOLS ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ONE ADVANTAGE. LLC, ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate

United States district court without regard to the amount in controversy;" 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States..

3. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2).

## PARTIES

4. Plaintiff is a natural person residing in Fort Worth, Texas 76134.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See §1692(k)(a) and <u>Wenrich v. Cole</u>, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Defendant is a corporation with its corporate headquarters located at 7650 Magna Drive., Belleville, IL 62223.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

10. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

11. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by

15 U.S.C. § 1692(a)(5).

12. The principal purpose of Defendant's business is debt collection.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. At all relevant times, Defendant attempted to collect a consumer debt and contacted Plaintiff in its attempts to collect that debt.

15. Plaintiff does not have any business debts, so the debt that Defendant has been calling Plaintiff regarding could only have been incurred for personal, family or household purposes.

16. Beginning sometime in March 2017 and continuing through May 2017, Defendant's collectors repeatedly and continuously placed calls to Plaintiff's cellular telephone number.

17. Defendant placed calls from telephone numbers including, but not limited to (800) 650-1776. The undersigned has confirmed that this phone number belongs to the Defendant.

18. During this time, Defendant contacted Plaintiff using an automated telephone dialing system and/or a pre-recorded voice.

19. Plaintiff knew that Defendant was using an automated telephone

dialing system and/or a pre-recorded voice as calls began with a pre-recorded message before a live caller came on the phone.

20. Frustrated, Plaintiff told Defendant that he did not owe the debt, to send him a copy of the alleged bill, and instructed Defendant to cease calling him in or around May 2017.

21. Once Defendant was informed that its calls were unwanted and to stop calling, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

22. However, Defendant failed to restrict calls to Plaintiff's cellular telephone and continued to call him.

23. Defendant's calls were not placed for emergency purposes.

24. Defendant's calls were especially irritating because they would call Plaintiff while he was at work.

25. After Plaintiff's repeated request to stop calls was ignored by Defendant, he had no other option but to install a blocking application on his cellular telephone to block calls from their phone number.

## COUNT I
## DEFENDANT VIOLATED §§1692d and d(5) OF THE FDCPA

26. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse

any person in connection with the collection of a debt.

27. Section 1692d(5) of the FDCPA prohibits debt collectors from causing the telephone to ring or engaging any person in telephone conversation repeatedly with intent to annoy, abuse or harass.

28. Defendant violated §§1692d and d(5) when it called Plaintiff repeatedly and continued calling even after Plaintiff informed Defendant he wanted calls to cease.

## COUNT II
## DEFENDANT VIOLATED THE TCPA

36. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

37. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

38. Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

39. Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

40. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

41. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

42. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

43. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

44. Defendant's calls to Plaintiff's cellular telephone after he revoked consent in or around May 2017 were not made with Plaintiff's prior express consent.

45. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

46. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

47. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BRENT ECHOLS, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) and 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $1,000.00 for each Plaintiff for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3) and Tex. Fin. Code § 392.403(b);

    d. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    e. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    f. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

h.  Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, BRENT ECHOLS, demands a jury trial in this case.

DATED: March 20, 2018  KIMMEL & SILVERMAN, P.C.

By:  /s/Amy L. B. Ginsburg
Amy L. B. Ginsburg
Attorney for Plaintiff
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (877) 788-2864
Email: aginsburg@creditlaw.com